IN THE SUPERIOR COURT OF GUAM
TRAFFIC DIVISION

THE PEOPLE OF GUAM,                )        Traffic Case No. 1C00768098
                                   )
           vs.                     )
                                   )        **DECISION AND ORDER**
VICTORIANO C. LO,                  )
                                   )
                 Defendant.        )
                                   )
_____)

## INTRODUCTION

This matter came for bench trial before the Honorable Alberto E. Tolentino, Magistrate Judge, on May 7, 2012. Defendant Victoriano C. Lo appeared *pro se*. Ernesto G. Rios, a volunteer member of the Community Assisted Policing Effort (hereinafter "CAPE"), appeared and presented testimony of the facts and circumstances of the issuance of the citation before the Court. After the bench trial, the Court took the matter under advisement. After having reviewed the evidence and the applicable law, the Court now issues its Decision and Order.

## BACKGROUND

On or about March 4, 2012, at approximately 8:37 a.m., CAPE Volunteer Rios was conducting disabled parking enforcement at the Dededo Flea Market. He observed a white-colored Honda Accord (Guam License Plate AHT 6021) parked within an area described as an access aisle for a disabled parking. The vehicle was unoccupied but displayed a removable windshield placard evidencing authorization to use a designated accessible parking space. A citation was issued for blocking an access aisle and registered owner responsible for illegal parking, which are violations of Title 16 Guam Code Annotated sections 3401.1(b)(2) and 3404, respectively.

At trial, Mr. Rios offered a photograph of the scene where and when the citation was issued. The Defendant also submitted a photograph he had taken but with a wider perspective of the

1

surrounding area. Both photographs were found to be fair and accurate representations of the vehicle and area where it was parked at the time the citation was issued. They depicted the Defendant's vehicle in an area about the size of a "standard" parking slot painted with bright blue diagonal lines and immediately adjacent to another slot with faded blue diagonal lines. That slot was adjacent to another slot with painted bright blue diagonal lines. The Defendant admitted he was the owner and operator of the vehicle and that it was parked in the manner described by the CAPE volunteer.

The Defendant, however, pointed out that the sign designating an accessible parking area was erected between the slot he was occupying and the slot with the faded blue diagonal stripes immediately adjacent thereto. The Defendant argued that he was parked in a slot designated for accessible parking and that he was authorized to utilize that parking slot.

The Defendant also submitted for the Court's consideration a photograph of the disabled parking area at the Micronesia Mall at the Payless-Denny's side of the mall (the Defendant is employed at the Micronesia Mall as a Vice-President, Operations Manager) and of the disabled parking area of the Judicial Center Building in Hagåtña. The Defendant noted that each of the designated parking slots had the accessible parking signs erected at the head and center of each of the slots. He asserted that, in contrast to the designated parking area at the Dededo Flea Market, the disabled parking areas at the Micronesia Mall and Judicial Center were in compliance with the statute governing the proper designation of accessible parking spaces. He essentially argues that the Dededo Flea Market's non-compliance with the statute governing the designation of disabled parking spaces and access aisles excused the instant violation or warrants dismissal of the case.

**DISCUSSION**

Defendant was issued a citation for violating certain provisions of 16 GCA § 3401.1 which state that "[a]ny person: . . .(2) blocking access to aisle(s) adjacent to accessible parking space(s) on public or private property made available for public use, is guilty of a violation." 16 GCA §

2

3401.1(b)(2)(2010). In addition, he was cited for violating 16 GCA § 3404 which provides: "[i]n any prosecution charging a violation of any regulation governing the standing or parking of a vehicle under this Title, proof by the Government that the particular vehicle described in the complaint was parked in violation of any provision of this Title, together with proof that the defendant named in the complaint was at the time of parking the registered owner of the vehicle, shall constitute in evidence a prima facie presumption that the registered owner of the vehicle was the person who parked or placed the vehicle at the point where, and for the time during which, the violation occurred." 16 GCA § 3404.

**1. Registered Owner Responsible**

Preliminarily, the Court notes that 16 GCA § 3404 attaches liability to the registered owner of a vehicle found in violation of a non-moving traffic offense by erecting an evidentiary presumption that the registered owner is the person who operated the vehicle when the violation occurred. Because the Defendant admitted that he was the registered owner of the vehicle and that he himself had parked the vehicle at the time the alleged violation occurred, the Court does not believe that additional sanction under section 3404 is warranted or is what the Legislature had contemplated when the actual operator and registered owner of the vehicle were one in the same. Consequently, the Court dismisses this charge of the citation.

**2. Blocking Access Aisle**

Prior to its repeal and re-enactment by Public Law 30-229, 16 GCA § 3401.1(b) stated: "[a]ny person who parks in a designated accessible parking space, or who blocks access to aisles adjacent to an accessible parking space, on public or private property available for public use, with a vehicle that does not have a special license plate, a removable windshield placard, or a temporary removable windshield placard is guilty of a violation." 16 GCA § 3401.1(b)(added by Public Law 23-1:4 (4/26/95)). By its terms, a violation occurs if a person parks in a designated accessible parking space or blocks access to aisles adjacent to an accessible parking space with a vehicle that does not have a

3

special license plate, a removable windshield placard, or a temporary removable windshield placard. However, the antithetical to this provision can also fairly be implied, *ie.*, a violation does *not* occur if a person parks in a designated accessible parking space or blocks access to aisles adjacent to an accessible parking space with a vehicle that *has* a special license plate, a removable windshield placard, or a temporary removable windshield placard.

In 2010, the Legislature repealed and re-enacted 16 GCA § 3401.1(b). It separated a violation for parking within a designated accessible parking space(s) without a special license plate, removable windshield placard, or a temporary-windshield placard on public or private property made available for public use from a violation for blocking access to aisle(s) adjacent to accessible parking space(s) on public or private property made available for public use. *See* 16 GCA § 3401.1(b)(1) and (2).

The plain language of the statute indicates that when the Legislature divided subsection (b) into two separate violations it determined that use of a parking slot designated as accessible parking was dependent upon the possession of the special license plate, removable windshield placard, or a temporary-windshield placard. In contrast, the provision making it a violation to block access to aisle(s) adjacent to accessible parking space(s) makes no reference to whether the violator possessed the special license plate, removable windshield placard, or a temporary-windshield placard. In other words, by making specific reference of parking within an accessible parking space(s) without a special license plate, removable windshield placard, or a temporary-windshield placard but not making the same reference when proscribing blocking access to the aisle(s) adjacent to accessible parking space(s) the Legislature is clearly expressing its intent that no one can block access to the aisles.

In further support of this interpretation it is observed that the Legislature repealed and reenacted subsection (e) which permits the court to dismiss a citation issued for a violation of subsection (b)(1) upon presentation of a special license plate or a removable windshield placard obtained pursuant to

4

§7120.1 of Title 16, GCA. *See* 16 GCA § 3401.1(e). However, this same provision does not include violations pursuant to 16 GCA § 3401.1(b)(2).

Also, the Legislative Record discloses written testimony in support of the bill on the basis that:

> Bill 486 will clearly delineate the usages for the parking spaces specified by the Americans with Disability Act for the purpose of accessible parking for persons with disabilities and individuals who are blind. The proposed amendments makes clear in Sub Sections b(2) that "**Any person**: ... blocking access to aisle(s) adjacent to accessible parking space(s) on public or private property made available for public use is guilty of a violation.". Currently individuals with special license plates or placards may park in the access aisles because there is no provision prohibiting them; as a result, Traffic Court Judges have dismissed numerous citations. It appears that this oversight may have been a defect in statutory construction.

P. L. 30-229 (2010), COMMITTEE REPORT DIGEST, Bill No. 486-30 (COR), Written Testimony of Ronald L.G. Taimanglo at pp. 1-2, dated Nov. 12, 2010 (emphasis and quotations in original) (www.guamlegislature.com). Additionally, another supporter of the proposed legislation testified:

> Bill 486, so rightly addresses the shortcomings of our present legislation and provides reasonable, corrective measures to ensure that eligible individuals can freely and without encumbrance, utilize accessible and van-accessible parking stalls. The primary changes, which follow, improve the right to access public areas as guaranteed by the Americans with Disabilities Act and its amendment.
>
> 1. New language incorporates a clear definition that the marked access area adjacent to accessible parking space(s) **is not to be utilized by any vehicle**, including those bearing accessible placards or plates. For equal access, individuals must be guaranteed access space when using personal assistants or mobility devices in order to either embark or disembark their vehicle.

P. L. 30-229 (2010), COMMITTEE REPORT DIGEST, Bill No. 486-30 (COR), Written Testimony of Ginger S. Porter, M.Ed. at p.1, dated Nov. 16, 2010 (emphasis in original) (www.guamlegislature.com).

Thus, the issue before the Court is whether the Defendant's vehicle was parked within a designated accessible parking space or blocking an access aisle. However, given the arguments made by the Defendant, the more specific issue is whether the failure to properly place signage in accordance with the statute and ostensibly creating an ambiguity as to the nature and purpose of the particular area requires dismissal of the instant action.

5

### 3. Signage Requirements Under 16 GCA § 3401.1

Title 16 GCA section 3401.1 contains provisions governing the manner, location and other particularities of parking spaces reserved for people with disabilities. These provisions state:

(i) Accessible Parking spaces serving a particular building shall be located on the shortest accessible route of travel from adjacent parking to an accessible entrance and comply with the Americans with Disabilities Act Accessibility Guidelines for Building and Facilities (ADAAG) technical specification § 4.6.2.

(j) As to parking lots constructed or repaved after the effective date of this Act, accessible parking spaces shall be at least 96 inches wide and 228 inches long with a minimum 60 inches-wide adjacent access aisle. *Access aisles shall be identified and painted with diagonal stripes and a part of an accessible route to the building or facility entrance.* Vehicle standing spaces and adjacent access aisles shall be level with surface slopes not exceeding 1:50 (2%) in all directions. Access aisles and parking spaces shall comply with ADAAG technical specifications § 4.3 and § 4.6.3.

(k) Accessible parking spaces *shall* be designated as reserved by a sign showing

(i) the International Symbol of Accessibility commonly known as the wheelchair symbol and specified in § 4.30.7 of the ADAAG;
(ii) below the symbol, a statement that violators will be fined not less than $300 and not more than $500, and the vehicle may be towed;
(iii) a reference to 16 GCA § 3401.1; and
(iv) a statement that access aisles must not be blocked.

Spaces complying with ADAAG technical specification § 4.1.2(5)(b) shall also have an additional sign Van Accessible mounted below the symbol of accessibility. All signs referred to in this subsection (k) should be a maximum of 12 inches wide with edges having rounded corners. *All signs shall be mounted on a post centered at the head of the parking space with the center of the International Symbol of accessibility seven (7) feet above the parking surface.*

16 GCA § 3401.1(i)(j)(k) (emphasis added).

In the instant case, it is undisputed that the Defendant's vehicle is parked within an area painted with blue-colored diagonal stripes; however, he argues that because of the placement of the disabled parking sign, to wit: directly between two slots, was not in compliance with the statutory requirements for erecting these signs and that the case should be dismissed because he was entitled to and did park in

a space reserved for disabled parking. Defendant has presented evidence that the prescriptions of 16 GCA § 3401.1(i) through (k) can be and are scrupulously complied with.

In a case involving a citation that was issued for illegally parking in a designated handicapped accessible parking space, it was argued that the case should be dismissed because the parking sign failed to meet the height requirements in the statute. *People v. Pierson*, Superior Court of Guam Traffic Case No. 1C00715853 (Feb. 18, 2010). The court held that dismissal was not warranted even though the sign was erected over the seven foot requirement of the statute. *People v. Pierson*, Superior Court of Guam Traffic Case No. 1C00715853, Decision and Order at pp. 5-6 (Feb. 18, 2010). The court reasoned that the purpose of the signage requirements, in particular the height requirement, was that the sign should be high enough above the ground and located at the front of a parking space so it can be seen from a driver's seat; and that the facts of the case adequately demonstrated that the Defendant had seen the sign and was aware that her vehicle was in a designated accessible parking space. *Id.* The court also found that minor deviations from the statutory procedure or technical violations may be excused if there is substantial compliance thereto and that because the sign at issue had substantially complied with the requirements of the statute the minor deviation of three inches over the height requirement was excusable. *Id.* (citation omitted).

The conclusion drawn from this case is that so long as there had been substantial compliance with the statute governing the dimensions and designations of disabled parking and access aisles for disabled parking; a person can be cited for and convicted of a violation of the disabled parking laws. However, such an inquiry raises the possibility of the unintended consequence that, in some cases, the purpose and intent of the disabled parking law may be frustrated.

### 4. Substantial Compliance Analysis Inappropriate

As averred and demonstrated by the Defendant, there may exist numerous ways that the statutory requirements regarding signage, dimensions, slope and location may be non-compliant. The

7

disabled parking areas of the Micronesia Mall Payless-Denny's side and the Judiciary may be in compliance with the requirements; however, as shown by the evidence, the disabled parking area of the Dededo Flea Market may not be. Is the Court here to determine whether placement of the disabled parking sign at least two feet off-center from the parking space is still substantially compliant with 16 GCA § 3401.1?

Additionally, judicial notice of other areas surrounding the Dededo Flea Market sheds further light on the troublesome lack of consistency in compliance with the requirements of the statute. Across from the Flea Market, the disabled parking sign in front of a restaurant is markedly left of center of the disabled parking space it is supposed to identify. A little further up the street in front of a fabric store, the disabled parking space is identified with a sign positioned directly centered in the slot; however, that space has diagonal blue-colored stripes and is the only parking space there. At a hotel in Harmon, the disabled parking sign is well below the seven foot height requirement and merely contains the International Symbol of Accessibility, commonly known as the wheelchair symbol, with the words "PARKING ONLY" but properly posted at the head and center of the space. In front of the Dededo Mayor's Office, the designated parking areas and access aisles are colored yellow. Even at the Defendant's place of employment, the south parking structure of the Micronesia Mall has the disabled parking signs posted on cement columns not centered in the designated disabled parking spaces.

Given the wide disparity of the appearance, dimensions, and signage in areas ostensibly reserved to comply with the Americans with Disabilities Act it would seem to be an unwise endeavor to engage in a substantial compliance inquiry especially if it is not within a defendant's control whether or not the parking space is a disabled parking space or an access aisle for a disabled parking slot. In any particular case, a defendant may be invited to discover and claim that a variance in degree nullifies the intended use of the designated area.

8

The Court does believe that a substantial compliance analysis would be more appropriate if it was conducted to test a property owner's compliance with the ADA and the local statutes enacted by the Legislature to implement its mandates. *See e.g., Taijeron v. Kim*, 1999 Guam 16 (landlord's compliance with Guam Business License Law to maintain action against tenant); *Castino v. G. C. Corporation*, 2010 Guam 3 (mechanics' lien statute); *Quan Xing He v. Government of Guam*, 2009 Guam 20 (Government Claims Act). However, it should not be used to determine if a person is guilty of illegally parking in a disabled parking space or blocking and access aisle for a disabled parking space.

**5. Non-compliance of the Signage Requirements Does Not Excuse Illegal Parking**

While non-compliance with the signage requirements of the statute may be a problem for the owners of the public or private property available for public use; it cannot provide a shield against liability for an un-qualified person who parks in a reserved area for disabled parking or for the person who blocks an access aisle for disabled parking. *See City of Wichita v. Basgall*, 894 P.2d 876, 880 (Kan. 1995).

The Americans with Disabilities Act provides: "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a)(1990). The intent of the Americans with Disabilities Act is to prevent discrimination against qualified people with disabilities in public accommodations. The mandates of 16 GCA §3401.1(i) through (k) are obviously directed at the owners of public or private property made available for public use. Accessible parking spaces serving a particular building must comply with the Americans with Disabilities Act Accessibility Guidelines (ADAAG) for buildings and facilities. *See* 16 GCA § 3401.1(i). Parking lots must contain accessible parking spaces of certain dimensions complying with the ADAAG. *See* 16

9

GCA § 3401.1(j). Finally, accessible parking spaces must be designated as reserved by a sign. *See* 16 GCA § 3401.1(k).

The remainder of section 3401.1 deals with fraudulent conduct *viz.* the procurement or possession of an authorization to use disabled parking, *see* 16 GCA § 3401.1(a)(d); the instances of misconduct regarding the unauthorized use of disabled parking spaces or the obstruction of the access aisles, *see* 16 GCA § 3401.1(b)(c)(d); the enforcement of its provisions, *see* 16 GCA § 3401.1(f)(h)(l); the penalties for violating its provisions, *see* 16 GCA § 3401.1(e)(g); and the education of the persons entitled to use disabled parking spaces, *see* 16 GCA § 3401.1(m).

The overall purpose and intent of the provisions of the statute then is to not only provide public accommodations for disabled persons but to also forbid the unauthorized use of a parking space reserved for people with physical disabilities or to block the access aisles serving these spaces. Allowing a person to park in such a reserved area merely on the premise that a defect exists in the dimensions of the spaces, or that the spaces are not colored blue, or that the sign reserving the parking space and access aisle for disabled individuals is placed in contravention of or variance with the statute's requirements would be to deny a disabled person from possibly using parking spaces or access aisles that were reserved for them.

Thus, while owners of public accommodations who are not in compliance with the signage requirements of the statute may be liable for the violations and cited by the appropriate agencies; a person who otherwise impermissibly parks in a reserved area for disabled parking or who blocks an access aisle for disabled parking cannot obtain refuge because of the property owner's misconduct.

Therefore, the Court holds that so long as there is some indication that the area in question is designated and reserved as a parking space and/or access aisle for the use of disabled persons, then no person may park within the designated accessible parking space(s) without a special license plate, removable windshield placard, or a temporary-windshield placard on public or private property made

10

available for public use or block access to aisle(s) adjacent to accessible parking space(s) on public or private property made available for public use.

In this case, there was a sign clearly reserving an area of the Dededo Flea Market as parking spaces and access aisles for disabled patrons of the Flea Market. The Defendant, although authorized to utilize a disabled parking space, instead parked in an area that was clearly identified as an access aisle. As explained above, this is proscribed by 16 GCA § 3401.1(b)(2) and the Defendant is therefore guilty of its violation.

## CONCLUSION

Based upon the foregoing, the Court finds the Defendant of a violation of Title 16 GCA § 3401.1(b)(2) and dismisses the remaining charge.

**SO ORDERED** this 18th day of June, 2012.

Original Signed By:
Honorable Alberto E. Tolentino

_____
**ALBERTO E. TOLENTINO,**
**Magistrate Judge,**
**Superior Court of Guam**

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the Office of the Clerk of the Superior Court of Guam. Dated at Hagatna, Guam.

JUN 1 8 2012

Leonard F. Ventura
Deputy Clerk, Superior Court of Guam

11